**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**CASE NO. 1:26-cv-547**

| | |
|---|---|
| DELAWARE LIFE INSURANCE COMPANY, a Delaware domiciled insurance company,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LENHARDT AND THE ESTATE OF DESIRAE MARTIN, by and through its duly appointed Wrongful Death Personal Representative, DENNIS P. MURHPY,<br><br>Defendants. | **COMPLAINT IN INTERPLEADER** |

Plaintiff, Delaware Life Insurance Company ("Delaware Life"), for its Complaint in Interpleader against Roger Lenhardt and The Estate of Desirae Martin, by and through its duly appointed Wrongful Death Personal Representative, Dennis P. Murphy ("Estate"), states:

**JURISDICTION AND VENUE**

1. Delaware Life is a foreign insurance corporation organized and existing under the laws of the state of Delaware, with its principal place of business located in Indiana. Delaware Life is authorized to and conducts business in North Carolina, and markets life insurance and other products. Delaware Life is, therefore, a citizen of the state of Delaware and Indiana.

2. Upon information and belief, Defendant Roger Lenhardt is a citizen of the State of North Carolina.

3. Upon information and belief, Defendant The Estate of Desirae Martin, by and through its duly appointed Wrongful Death Personal Representative, Dennis P. Murphy is a citizen of the State of New Mexico.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1335 in that there is diversity among the claimants and the amount at issue exceeds the jurisdictional limit of $500.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 in that at least one of the defendant/claimants resides within the District of North Carolina. Moreover, this claim accrued with the District of North Carolina as a claim for the death benefit proceeds originated in North Carolina.

## FACTUAL BACKGROUND

6. On or about November 18, 2023, Terri A. Pinnell applied for Delaware Life Apex MYGA, a multi-year guaranteed annuity, individual single premium deferred annuity ("Application"). A copy of the Application is attached as **Exhibit 1**.

7. On the Application, Christopher T. Pinnell was listed as the primary beneficiary and Defendant Rodger Lenhardt was listed as the contingent beneficiary.

8. On or around December 22, 2023, Delaware Life issued APEX MYGA Fixed Annuity Contract number APEX024XXXX ("Annuity Contract") to Terri A Pinnell. A copy of the Annuity Contract is attached as **Exhibit 2**.

9. Terri A. Pinnell was the owner of the Annuity Contract and it specified a single premium amount of $36,086.03.

10. In or around January 23, 2024, Terri A. Pinnell submitted a Beneficiary Change form, related to the Annuity Contract, to Delaware Life. A copy of the Beneficiary Change form is attached as **Exhibit 3**.

11. Terri A. Pinnell designated Christopher T. Pinnell as primary beneficiary received one hundred percent (100%) of the Annuity Contract proceeds. Kelsey Lenhardt and Erin Lenhart were designated as contingent beneficiaries with each to receive fifty percent (50%) of the Annuity Contract proceeds.

12. On or about February 23, 2025, Terri A. Pinnell died.

13. On or about March 12, 2025, Christopher T. Pinnell, as primary beneficiary, submitted a Distribution at Death Option Form to Delaware Life ("Option Form"). A copy of that form is attached as **Exhibit 4**.

14. On the Option Form, Christopher T. Pinnell elected to defer the receipt of the death benefit.

15. On the Option Form, Christopher T. Pinnell designated Defendant Rodger Lenhardt as the one hundred percent (100%) primary beneficiary to the Annuity Contract.

16. As a result of the selection on the Option Form, on March 24, 2025 Delaware Life sent Christopher T. Pinnell a letter confirming that it updated the Annuity Contract to list him as owner and that Defendant Rodger Lenhardt was the primary beneficiary of the Annuity Contract ("Confirmation Letter"). A copy of the confirmation letter is attached as **Exhibit 5**.

17. On or about December 19, 2025 Christopher T. Pinnell died.

18. On or about April 24, 2026, Defendant Estate sent a letter to Delaware Life ("Claim Notice Letter") to make a formal notice of claim related to, *inter alia*, any account, proceeds or other assets held by Delaware Life in which Cristopher T. Pinnell was "named as a beneficiary, payee, transferee, or recipient, including by not limited to assets arising from the death of his mother**.** A copy of the Claim Notice Letter is attached as **Exhibit 6**.

19. The Claim Notice Letter asserted that Christopher T. Pinnell caused the death of Desirae Martin on December 19, 2025 and that Christopher T. Pinnell was deceased as well.

20. The Claim Notice Letter further asserted that the Estate was pursuing all available civil remedies arising from Ms. Martin's death, including claims that affect the disposition and distribution of assets associated with Christoper T. Pinnell.

21. The Claim Notice Letter further noted the letter was a formal notice to Delaware Life to preserve and safeguard both assets and records related to Christopher T. Pinnell.

22. The Claims Notice Letter was the first notice provided to Delaware Life that Christopher T. Pinnell was deceased.

23. On or about May 18, 2026, Delaware Life counsel responded to the Claim Notice Letter seeking the Estate's legal position as to how the proceeds from the Annuity Contract would be considered part of Christopher T. Pinnell's estate ("Response Letter"). A copy of the Response Letter is attached as **Exhibit 7**.

24. Defendant Lenhardt learned of Christopher T. Pinnell's death and seeks to make a claim for the benefits.

25. On or about June 1, 2026, Delaware Life's counsel sent a letter to Defendant Lenhardt ("Lenhardt Letter") explaining the claim being raised by Defendant Estate and that Delaware Life was awaiting a response to its May 18, 2026 letter to the Estate's counsel. As explained in the Lenhardt letter, the death benefit value at that time was $41,342.26. A copy the Lenhardt Letter is attached as **Exhibit 8**.

26. On June 6, 2026, the Estate's counsel sent its letter to Delaware Life's counsel disagreeing with the position stated in the Response letter. The Estate reasserted

its position that it has a claim to the proceeds payable under the Annuity Contract as a result of the death of Christopher T. Pinnell. A copy of the June 6, 2026 letter from the Estate's counsel is attached as **Exhibit 9**.

**COUNT I**

**INTERPLEADER ACTION PURSUANT TO 28 U.S.C. § 1335**

27. Delaware Life incorporates the preceding paragraphs of this Complaint in Interpleader as if the same were set forth herein at length.

28. 28 U.S.C. § 1335 permits an action for interpleader if the Plaintiff is exposed to double or multiple liability because of competing claims.

29. The claim of Defendant Lenhardt competes with the claim of Defendant Estate.

30. As a result of the foregoing, there are conflicting claims to the death benefits payable under the Annuity Contract.

31. Delaware Life is unable to determine the proper beneficiary under the Annity Contract for the death benefit owed without the risk of multiple liability due to the Defendants' competing claims.

32. Delaware Life is an innocent stakeholder and has not colluded with any of the claimants.

33. Delaware Life claims no interest in the Annuity Contract death benefits, excepting only reasonable attorney's fees and costs requested below.

34. As a result of the continuing and conflicting claims, this Complaint in Interpleader is necessary to ensure that the Annuity Contract death benefit owed is paid to the proper party.

35. To the extent any defendant fails to appear or otherwise respond to this complaint upon being duly served with same, that defendant admits they have no claim or right in the Annuity Contract death benefits. The defendant also agrees that Delaware Life is entitled to an order discharging Delaware Life and/or its agents from any and all further liability to any person or entity with respect to the Annuity Contract death benefits referenced above and is entitled to recover its costs and attorneys' fees in bringing this action.

36. Delaware Life is entitled to an award of its attorneys' fees and costs reasonably incurred in bringing this interpleader action, which should be paid from the proceeds to be deposited with the Court.

37. Delaware Life will move this Court for leave to deposit these proceeds with the Clerk of the Court for disposition to whomever the Court finds is entitled to the proceeds under the Policy.

WHEREFORE, Delaware Life requests judgment as follows:

a. For an order for leave to deposit the Annuity Contract death benefit proceeds with the Registry of the Court;

b. The order of this Court pursuant to 28 U.S.C. § 2361 issuing its process to both claimants named herein above as defendants, to be addressed to the claimants and (unless the defendants agree to waiver of service) served personally where the claimants reside or may be found, and concurrently therewith, the order of this Court restraining said defendants from instituting, prosecuting, or maintaining any proceeding in any state or United States Court affecting the Policy's death benefit proceeds thus to be interplead;

c. For an order discharging Delaware Life and its agents from any and all further liability to any person or entity with respect to the Annuity Contract referenced above,

dismissing it from this action and awarding it its costs and attorneys' fees reasonably incurred in bringing this action, such costs and fees to be payable from the proceeds deposited with the Court; and

d. That Delaware Life is awarded such other and further relief as this Court deems just and proper.

DATED this 11th day of June, 2026.

**FOX ROTHSCHILD LLP**
*/s/ Camryn Rohr*
Camryn Rohr
N.C. State Bar No. 54881
101 S. Tryon Street
Suite 1700
Charlotte, NC 28280
crohr@foxrothschild.com

*Attorney for Plaintiff*